UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENETI AVEI, | ) | CASE NO. CV 04-06918 (RZ) |
|                Plaintiff, | ) ) | |
|    vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
|                Defendant. | ) ) ) | |

On March 11, 2002, an Administrative Law Judge denied Plaintiff's claim for disability benefits. [AR 27-35] That decision became final when the time elapsed for Plaintiff to seek further review, and he did not do so. Thereupon, a presumption arose, as to any future claim for disability, that Plaintiff remained not disabled. *Chavez v. Bowen*, 844 F.2d 691 (9th Cir. 1988). At issue in the present matter, concerning an application filed subsequently, in September 2002 [AR 50], is whether the Administrative Law Judge properly concluded that Plaintiff had not rebutted the presumption. [AR 12-17]

In the first decision, the Administrative Law Judge concluded that

> [Plaintiff's] capacity to perform basic work-related activities is limited by an inability to stand or walk longer than 2 hours in an

>8-hour workday, an inability to lift, carry, push or pull more than 10 pounds frequently, a restriction from more than occasional bending, stooping or crouching activities, a restriction from any climbing and balancing activities, kneeling or crawling, and a restriction from work at unprotected heights or around dangerous moving machinery (20 CFR 404.1545).

[AR 35, Finding No. 6)] Under *Chavez*, this determination of Plaintiff's residual functional capacity was binding at the second hearing, unless some sort of changed circumstances arose. Plaintiff does not contend that the legal standard changed, as in *Chavez*; rather he contends that additional evidence removed the binding nature of the prior determination, and that in fact he equaled a listing, which automatically would have made him disabled. *Lester v. Chater*, 81 F.3d 821, 828 (9th Cir. 1996).

To justify this argument, Plaintiff first relies on the medical opinion of Dr. Mouradian, whose opinion the Administrative Law Judge had rejected in the first decision. But although Plaintiff argues that a subsequent opinion is consistent with the rejected opinion of Dr. Mouradian, no authority — certainly none offered by Plaintiff — supports the proposition that an Administrative Law Judge must reconsider the grounds used for rejecting an opinion in a prior case. It would be strange to say that an *unchanged* opinion constitutes *changed* circumstances.

Plaintiff also relies on the subsequent opinion of examining physician Dr. Bittar, who opined, among other things, that Plaintiff needed an assistive device for walking and balance. [AR 248] Citing an internal Social Security Ruling, SSR 96-9p, Plaintiff argues that this determination erodes the base of sedentary occupations for which the Administrative Law Judge found that Plaintiff was qualified. Not only are Social Security Rulings internal and not binding statements of law, *see Paxton v. Secretary of Health and Human Servs.*, 856 F.2d 1352, 1356 (9th Cir. 1988), but also SSR 96-9p only

states that, where an assistive device is used for balance, the occupational base "may" be eroded.

Furthermore, the central question remains whether circumstances had changed, such that the prior residual functional capacity no longer was binding. Although he does not state so directly, Plaintiff's argument appears to be that circumstances have changed because a new doctor said that his capacity was different. The Administrative Law Judge rejected this medical opinion, however. [AR 15] If he was correct in doing so, then he also was correct in determining that circumstances had not changed.

The Administrative Law Judge noted that (1) Dr. Bittar, while finding Plaintiff's allegations of pain credible, thought that they were out of proportion; (2) the objective clinical findings on examination were limited, despite the claims of very severe pain; and (3) there was no evidence in the record of any worsening of Plaintiff's previously identified medical impairments. Internal inconsistencies within a doctor's reports are sufficient grounds for rejecting a physician's opinion, *Morgan v. Apfel*, 169 F.3d 595, 602-03 (9th Cir. 1999), and here the physician stated clearly that Plaintiff's claims of pain were out of proportion to any impairment. Again, perhaps more fundamentally, given the nature of the claim here, Plaintiff points to nothing challenging the finding that "[t]here is no evidence in the record of a worsening of his previously identified medical impairments." [AR 15]

Plaintiff asserts that the Administrative Law Judge did not sufficiently justify rejecting Plaintiff's allegations of pain. The Court disagrees. In pointing to the disproportionate nature of the complaints of pain, and the absence of medical evidence concerning any deterioration in Plaintiff's condition, the Administrative Law Judge complied with the law; the Ninth Circuit has held that "[w]hile subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects. 20 C.F.R. § 404.1529(c)(2)." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The Administrative Law Judge also noted

that Plaintiff had not received regular treatment, again demonstrating that the allegation of pain was not as severe as asserted. This was another proper basis for disbelieving Plaintiff. *Bunnell v. Sullivan*, 947 F.2d , 341, 346 (9th Cir. 1991) (*en banc*).

  Thus, the Administrative Law Judge acted within his authority in choosing to disbelieve Plaintiff's allegations as to the extent of his pain. In turn, any medical opinion based on those subjective allegations likewise was impeached. *Sandgathe v. Chater*, 108 F.3d 978, 980 (1997). Thus, there was no error in the rejection of the opinion that Plaintiff use an assistive device for walking or balancing.

  The Administrative Law Judge having applied *Chavez* properly, the decision is affirmed.

DATED: October  12 , 2005

              /s/
            RALPH ZAREFSKY
         UNITED STATES MAGISTRATE JUDGE